BEFORE THE SECOND DIVISION, SEPTEMBER 19, 1945

**No. 50500.**—Protests 99746–K, etc., of Sormani & Meyer et al. (New York).

Opinion by KINCHELOE, J. In accordance with stipulation that the merchandise consists of lithographically printed calendars similar in all material respects to those the subject of *United States* v. *Thorens, Inc.* (32 C. C. P. A. 137, C. A. D. 298), the protests were sustained as claimed.

**No. 50501.**—Protests 17108–K, etc., of Beacon Wiper Supply Co. (Boston).

Opinion by KINCHELOE, J. In accordance with stipulation that the merchandise in question consists of cotton rags similar in all material respects to those the subject of *United States* v. *Schapiro & Sons* (24 C. C. P. A. 343, T. D. 48771) and *J. Milton Hagy Waste Works* v. *United States* (2 Cust. Ct. 385, C. D. 162), the protests were sustained as claimed.

**No. 50502.**—Protest 98712–K of New Victoria Importing Co. (Los Angeles).

Opinion by KINCHELOE, J. The protest was submitted for decision on a written stipulation, admitting in evidence the chemist's report. It was agreed that the merchandise described on the invoices as Cretone and Perola, colored cotton cloth, has a staple length of less than one and one-eighth inches. From the stipulated facts and the chemist's report the court was satisfied that the cotton staple in the cloth was less than one and one-eighth inches. The protest was therefore sustained as claimed.